UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALICE P. BRADLEY,<br>    Appellant | CIVIL ACTION<br>NO. CV06-0337-A |
| VERSUS | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Alice P. Bradley ("Bradley") filed an application for disability insurance benefits ("DIB") on September 16, 2003, alleging a disability onset date of December 1, 2001 (Tr. p. 69), due to pain in her hips, hands, feet, and back (Tr. p. 103). That application was denied by the Social Security Administration ("SSA") (Tr. p. 43).

A de novo hearing was held before an administrative law judge ("ALJ") on January 27, 2005 (Tr. pp. 19-39). The ALJ found that, although Bradley suffers from hypertension, it is not "severe" within the meaning of the Social Security Act and, therefore, Bradley was not disabled at any time through the date of the ALJ's opinion on May 23, 2005 (Tr. p. 18).

Bradley requested a review of the ALJ's decision, but the Appeals Council declined to review it and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Bradley next filed an appeal in this court seeking judicial

review of the Commissioner's decision. Bradley raises the following issues on appeal:

> 1. The ALJ did not have substantial evidence to support his finding that Bradley is not disabled.
>
> 2. The ALJ failed to find there are jobs available in significant numbers in the economy for Bradley and failed to find that Bradley can maintain employment.

## Eligibility for DIB

To qualify for disability insurance benefits, a plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. 416(i), 423. Establishment of a disability is contingent upon two findings. First, a plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 423 (d)(1)(A). Second, the impairments must render the plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. 423(d)(2).

## Findings and Conclusions

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that there is substantial evidence in the record as a whole to support the Commissioner's decision of non-disability and the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of Fed.R.Civ.P. rule 52, I note that the

Commissioner's findings and conclusions[1] put at issue by appellant are supported by substantial evidence, which can be outlined as follows.

Issue No. 1 - Severe Impairment

First, Bradley contends the ALJ does not have substantial evidence to support his finding that Bradley is not disabled. Specifically, Bradley contends she is 54 years old, has a limited education (tenth grade), and has had long-term, chronic problems with urinary tract infections, high blood pressure, and arthritis.

To determine disability, the ALJ applied the sequential process outlined in 20 C.F.R. §404.1520(a) and 20 C.F.R. §416.920(a). The sequential process required the ALJ to determine whether Bradley (1) is presently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"); (4) is unable to do the kind of work she did in the past; and (5) can perform any other type of work. If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den., 914 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995), citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987).

---

[1] The relevant findings and conclusions are located in the administrative record at Transcript pages 15-18.

3

In Bradley's case, the ALJ's analysis ended at Step 2, when he found Bradley did not have a "severe" impairment. An impairment can be considered as not "severe" only if it is a slight abnormality which have such a minimal effect on the claimant that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Estran v. Heckler, 745 F. 2d 340, 341 (5th Cir. 1984).

In 1994, Bradley had X-rays due to multiple urinary tract infections, kidney infections, and back pain for eighteen years (Tr. pp. 308-311); no significant abnormalities were found (Tr. pp. 310-311). She was again treated for a UTI in 1999; new radiology tests were negative (Tr. pp. 331-336). X-rays in 1999 showed mild arthritic changes and a slight decrease in the disc at C6-7, but no malalignment (Tr. p. 346). On November 18, 2003, Dr. Ratnam Nagalla, a general practitioner, evaluated Bradley and found no evidence of arthritis (no deformities, full ranges of motion in all joints, normal gait), well-controlled hypertension (noting Bradley had been through pregnancies and surgeries without problems), no heart problems, no neurological deficits, and no sensory or motor losses (Tr. pp. 113-117). In December 2004, an ultrasound revealed a cyst in Bradley's pelvis (Tr. p. 132). A persantine cardiolite stress test on January 11, 2005 showed only mild mitral regurgitation (Tr. p. 126) and a 62 percent ejection fraction (Tr. p. 129).[2] Other medical records show Bradley's blood pressure was

---

[2] The bulk of the medical records in the administrative record refer to treatment of an abscess on Bradley's leg in 1989 and her hysterectomy in 1990, and therefore are not relevant.

controlled by medication from 1982 to 1999 (Tr. pp. 339-343).

At her administrative hearing in January 2005, Bradley testified she could work in a place like a hospital (as a nurse assistant) but for for the pain in her back and hip which prevents her from lifting and standing; Bradley testified her other problems are under control (Tr. pp. 30, 33).

At the time of her administrative hearing, Bradley was 53 years old, has a tenth grade education, has attended trade school to become a nursing assistant, and has past relevant work as a nurse's aide and a clerk in a grocery store (Tr. pp. 23-24, 31, 36). Bradley testified that she lives with her husband and two teenaged grandchildren, prepares the meals, and takes care of the housework (although it may take her a long time to do it because of pain) (Tr. pp. 31-33). Bradley testified she recently applied for jobs in nursing homes (Tr. p. 33).

The ALJ found that, according to Bradley's own statements, her hypertension is well-controlled by medication, and the arthritis pain in her hips, knees and back is controlled by Celebrex and Advil and does not impact her activities. As noted by the ALJ, Bradley's doctors had not placed any limits on her physical activities.

Bradley's testimony, as well as the medical evidence, indicates her hypertension and her urinary tract infections do not affect her ability to work. Although Bradley testified her ability to work is limited by her arthritis pain, there is no medical evidence to support that assertion. Her arthritis and her pain

medications are mild. Although a claimant's assertion of pain or other symptoms must be considered by the ALJ, 42 U.S.C. § 423(d)(5)(A) requires that a claimant produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged. The mere existence of pain does not automatically create grounds for disability, and subjective evidence of pain will not take precedence over conflicting medical evidence. Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir. 1989), citing Owens v. Heckler, 770 F.2d 1276, 1281 (5th Cir. 1985).

The ALJ reviewed the medical evidence and testimony, noted Bradley is able to perform regular household duties and has not been limited in her physical activities by her doctors, and found no evidence of a severe impairment which has more than a minimal effect on her ability to engage in work activity (Tr. p. 17). Since all of Bradley's impairments are mild and controlled by medication with out secondary limitations, the ALJ did not err in concluding that Bradley's impairments are not severe. Compare, Anthony v. Sullivan, 954 F.2d 289 (5th Cir. 1992). Since substantial evidence supports the ALJ's/Commissioner's conclusion that Bradley does not suffer from any "severe" impairments, the ALJ correctly ended the disability analysis at Step 2 with a finding that Bradley is not disabled.

This ground for relief is meritless.

Ground No. 2 - Vocational Expert

Next, Bradley contends the ALJ failed to find there are jobs

6

available in significant numbers in the economy for Bradley and failed to find that Bradley can maintain employment. However, these issues are raised at Step 5 of the disability analysis, as set forth above. Since Bradley's disability analysis ended at Step 2 with a finding that Bradley does not have a severe impairment, the ALJ did not reach Step 5 and did not have to consider the issues relating to the availability of jobs and her ability to maintain employment. This ground for relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bradley's appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of March, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE